**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1360**

IGNACIO SANCHEZ-SALAZAR, a/k/a Jorge Rivera Pascual,

        Petitioner,

    v.

JEFFERSON B. SESSIONS III, US Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 29, 2018                                Decided: April 4, 2018

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Janeen Hicks Pierre, PIERRE LAW, PLLC, Charlotte, North Carolina, for Appellant. Chad A. Readler, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, David J. Schor, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ignacio Sanchez-Salazar, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's finding that his South Carolina conviction for criminal domestic violence was categorically a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E) (2012) that renderd him ineligible for cancellation of removal.

We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). "[W]here . . . the [Board] construes statutes over which it has no particular expertise, [however,] its interpretations are not entitled to deference." *Karimi v. Holder*, 715 F.3d 561, 566 (4th Cir. 2013). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the agency's factual findings under the substantial evidence rule. *Anim v. Mukasey*, 535 F.3d 243, 252 (4th Cir. 2008).

Upon review, we conclude that Sanchez-Salazar's South Carolina criminal domestic violence conviction constituted a crime of violence under 8 U.S.C. § 16(a) (2012) that rendered him ineligible for cancellation of removal. *See* 8 U.S.C. § 1227(a)(2)(E)(i); 8 U.S.C. § 1229b(b)(1)(C) (2012). We accordingly deny the petition for review for the reasons stated by the Board. *See In re Sanchez-Salazar* B.I.A. Feb. 27, 2017). We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*